# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SIDNEY K. SWINSON, Trustee of the Matthew Wayne Mitchell and Erin Elizabeth Mitchell Chapter 7 Bankruptcy Estate, )<br>)<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DEALER CAPITAL GROUP, LLC, )<br>)<br>Defendant. ) | Case No. 19-CV-0196-CVE-FHM |

## OPINION AND ORDER

Now before the Court is defendant Dealer Capital Group, LLC's motion to withdraw the reference and demand for jury trial (Dkt. # 2). Defendant asks the Court to withdraw the reference of this adversary proceeding (Adv. No. 19-01003-R) to the Bankruptcy Court for the Northern District of Oklahoma. Plaintiff Sidney K. Swinson, Trustee of the Matthew Wayne Mitchell and Erin Elizabeth Mitchell Chapter 7 Bankruptcy Estate, filed a response (Dkt. # 3), consenting to defendant's request.

On December 17, 2017, debtors Matthew Wayne Mitchell and Erin Elizabeth Mitchell filed a joint voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code. Dkt. # 2, at 1. Plaintiff was appointed trustee of the debtors' bankruptcy estate. Id. On January 14, 2019, plaintiff commenced an adversary proceeding against defendant, requesting an accounting and alleging a breach of contract claim, Oklahoma statutory labor claims, and certain common law claims arising from an express written agreement with defendant. Id. Defendant filed its answer and affirmative defenses on February 22, 2019. Dkt. # 4, at 18-25. Defendant does not seek any

affirmative relief from the estate, and has not filed, nor does it intend to file, a proof of claim in the bankruptcy case. Id.; Dkt. # 2, at 1-2.

Under 28 U.S.C. § 157(d), a district court "may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d). Section 157 is interpreted narrowly and it is not intended to be an "escape hatch" from bankruptcy court. See In re Lenard, 124 B.R. 101, 102 (D. Colo. 1991). Withdrawal of the reference is mandatory "if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." § 157(d). However, permissive withdrawal of the reference is permitted if non-core bankruptcy issues are predominant or other factors suggest that withdrawal of the reference will promote judicial efficiency. Security Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers, 124 F.3d 999, 1008 (9th Cir. 1997).

Defendant argues that there is "cause" for withdrawal under § 157(d), because (1) the issues in the complaint are non-core issues; (2) defendant demands and is entitled to a jury trial; and (3) a final determination may not be made in the bankruptcy court without defendant's consent, which has not been granted. Dkt. # 2, at 3. As required under Local Civil Rule 84.1(b), defendant filed a motion with the bankruptcy court seeking withdrawal of the reference, and the bankruptcy judge entered an order determining whether the proceeding "is a core proceeding or a proceeding that is otherwise related to a case under Title 11." The Court agrees with the bankruptcy court that the claims asserted in the adversary proceeding are non-core claims that are otherwise related to the bankruptcy case. Dkt. # 4, at 30. The claims do not arise under the Bankruptcy Code or depend on the bankruptcy laws for their existence; however, they are related to the bankruptcy case, because

2

if plaintiff is successful in the adversary proceeding, the bankruptcy estate will be enhanced. Therefore, in the absence of a bankruptcy petition, the adversary proceeding could have been brought in state court. Gardner v. United States, 913 F.2d 1515, 1518 (10th Cir. 1990). Further, the Court agrees that defendant is entitled to a jury trial on certain claims raised in the adversary proceeding. Section 157(e) provides, however, that the bankruptcy court may not conduct a jury trial without the express consent of all parties, and defendant does not consent to a jury trial by the bankruptcy court. 28 U.S.C. § 157(e). Finally, because the Court finds that the adversary proceeding is not a core proceeding, the bankruptcy court cannot enter a final determination of the claims without the consent of all parties. See generally Wellness Int'l Network, Ltd. v. Sharif, 135 S. Ct. 1932 (2015). Here, defendant does not consent to the determination of the issues by the bankruptcy court. For these reasons, the Court finds that withdrawal of the reference under § 157(d) is appropriate, and defendant's motion should be granted.

Section 1334(c)(1) of title 28 of the United States Code provides that, "in the interest of justice, or in the interest of comity with State courts or respect for State law," a district court may "abstain[] from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11." 28 U.S.C. § 1334(c)(1). All of the claims asserted in this adversary proceeding arise under Oklahoma state law. Moreover, both plaintiff and defendant are considered citizens of Oklahoma. Dkt. # 4, at 4. Therefore, other than the relation to the bankruptcy proceeding, there is no other federal claim nor diversity of citizenship in this case. Accordingly, if not for the adversary proceeding being related to a bankruptcy case, this Court would not have jurisdiction over this case.

**IT IS THEREFORE ORDERED** that defendant's motion to withdraw the reference and demand for jury trial (Dkt. # 2) is **granted**, and the reference of Adversary Proceeding 19-01003-R to the Bankruptcy Court for the Northern District of Oklahoma is withdrawn.

**IT IS FURTHER ORDERED** that the parties are directed to show cause no later than **April 26, 2019** why the Court should not abstain from exercising jurisdiction pursuant to 28 U.S.C. § 1334(c).

**IT IS FURTHER ORDERED that the Clerk of Court shall correct the docket sheet to reflect the revised case caption consistent with this Order, and the parties are directed to use this case caption in all future pleadings.**

**DATED** this 12th day of April, 2019.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE